84,053-01,02,03

December 24, 2015

Court of Criminal Appeals
PO Box 12308
Austin, Texas  78711-2308

RE: EX PARTE JAMES MICHAEL BEATTIE
    NO(S): WR-84,053-01; -02; -03
    T/C NO(S): 1214470-A; 1215016-A; 1218918-A

Dear Court Clerk,

Please find my APPLICANT'S RESPONSE TO AFFIDAVIT OF JAMES ARDOIN to be filed and preserved for the writ of habeas corpus 11.07 applications in the above-styled numbered causes for the Courts future consideration of these applications.

The original copy of this Response has been filed with the Harris County District Clerk via CERTIFIED MAIL No. 7013-2250-0002-2282-5801.

Thank you for your time and assistance in this matter, it is greatly appreciated and welcomed.

Sincerely,

James M. Beattie

James Michael Beattie
Applicant Pro Se
TDCJ-ID # 1879331
Smith Unit
1313 CR 19
Lamesa, Texas  79331

enclosure(s): 1 (8pgs)

cc: file
    Harris County District Attorney
    Harris County District Clerk

certified mail no. 7013-2250-0002-2282-5818

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 29 2015

Abel Acosta, Clerk

DATE: JAN 5 2016
FILE IN WRIT FILE
BY:

CAUSE NO. 1214470-A; 1215016-A; 1218918-A
CCA WRIT NO. WR-84-053-01; -02; -03

EX PARTE

JAMES MICHAEL BEATTIE

§
§
§
§

IN THE DISTRICT COURT
351ST JUDICIAL DISTRICT
HARRIS COUNTY, TEXAS

APPLICANT'S RESPONSE TO
AFFIDAVIT OF JAMES ARDOIN

TO THE HONORABLE COURT:

COMES NOW, James Michael Beattie, Applicant Pro Se, in the above styled numbered cause, and respectfully files this his Response To Affidavit of James Ardoin. Beattie responds as follows.

I.

The affidavit of James Ardoin, is a result of the Court's untimely Order issued on November 9, 2015 in effort to resolve the lone issue the Court designated to be resolved back on June 1, 2015. This effort by the Court relates to the Applications for Writ of Habeas Corpus (11.07) filed by Beattie on April 7, 2015 - NOT April 14, 2015 as the Clerk of this Court contends - the date the Harris County District Clerk signed for and received Applications.

Beattie asserts that there are more issues that need to be resolved - other than the ineffective assistance of counsel claims. However neither the State or the Court wishes to tackle such sensitive issues as those issues reflected on the misconduct of the District Attorney and the trial Judge. Beattie has made it clear in previous pleadings the lacking in resolving these issues and giving proper due process to claims raised in the applications.

For the record it should be noted that Judge Mark Kent Ellis, the trial judge, who has acted previously in these habeas corpus proceedings - did not sign the November 9, 2015 Order. As previously stated Judicial Misconduct is a claim raised in habeas applications and subject of Recusal Motion which Judge Mark Kent Ellis is party to.

Beattie, much as he contended in his response to the State's Answer, these questions/ allegations should have also been put forth to Audley Heath, Beattie's first attorney for over 2 years. However for some odd reason the attorney in which Ardoin said was ineffective to Beattie and in his case notes, Audley Heath, was not subject to inquiry.

II.

This affidavit by James Adoin, is sworn to be true and correct under penalty of perjury. Yet, the very first sentence by Ardoin is false. It States: "My name is James Ardoin,..." Beattie did not, and Court records, including the November 9, 2015 Order, as well as State Bar reocrds will show that James Ardoin, III was hired. While Ardoin and this Court may not see issue, as Ardoin may present himself in public as James Ardoin - He is NOT

James Ardoin Senior, not even the Junior, but the Third. Seems that if counsel commits a bit of perjury in the very first sentence of his sworn affidavit, the likelihood of the rest of the affidavit being completely true is very doubtful.

Beattie has attached his own affidavit along with one from his Sister Dr. Kerri Dembowske and one from his Brother -in-law CWO Todd Dembowske, both who had interaction with Ardoin regarding issues raised inthis case. This Court has a determination to make with evidence that supports Beattie's claims, that were attached as Exhibits to habeas applications. It is interesting that, much like the State, Ardoin ignored what Mr. Brian Zubel and Mr. David Lamagna stated in their letter/affidavits. Why has the Court not contacted them for further comment?

Also how can a affidavit by Ardoin be considered truthful when he cannot state his own name correctly, but also cannot spell the name of renowned attorney Richard Haynes. In Ardoin's affidavit he misspelled Mr. Hayne's name, not once but three(3) times. How many other "facts" did Ardoin get wrong? As Beattie's attached affidavits provide – quite a few.

III.

DESTRUCTION, FAILING TO PRESERVE EVIDENCE

Attached to this response is affidavits from persons with knowledge of these events, who all state Mr. Ardoin was well aware of Mr. Heath's failures to preserve and destroy evidence. The Court should also take note of Mr. Heath's response to same allegation in a State Bar complaint:

> "I turned over my entire file to Richard Hayne's law firm. The photos which were taken on my cell phone were not retrievable because of problems with my phone."

However, Mr. Heath failed to retake the photos immediately after discovery of the problem with a real camera, thus failure to preserve evidence. Ardoin had knowledge of this as he was told multiple times by several people.

COUNSEL'S INVESTIGATION/HINDERING EXPERTS

Ardoin describes what he did to review the work of previous investigators, but does not detail what he did to investigate. He made notations of the Burglary case being closed and linked to Andre Hampton, but he failed to act on this evidence; such as to inquire with the Grand Jury records to see if prosecutors brought forth this evidence to the Grand Jury.

Nor did Ardoin tell this habeas court that the denial by Trial Judge of access to crime scene was in violation of Beattie's Constitutional Rights. Ardoin cannot state no knowledge of this. Besides being a basic fundamental right that any first-year law student

2

knows. Ardoin presented such argument to the trial judge in a Motion For Reconsideration of Defendant's Motion For Access To The Crime Scene, filed February 26, 2013, in which he states:

> "The failure to permit the defense expert to examine this location will prevent the Defendant from effectively cross-examing and rebutting these witnesses and will violate the Defendant's right to effective assistance of counsel, as well as the right to a fair trial and due process of law as guaranteed by the 5th Amendment of the United States Constitution, Article I § 10 of the Texas Constitution and Article 1.04 of the Texas Code of Criminal Procedure."

MTN For Reconsideration - Feb. 26, 2013 - pg.2

As for hindering, Beattie asserts the letter/affidavits from Brian Zubel and David Lamagna speak for themselves. However. if this habeas Court truly wants to resolve this issue, it should request affidavits from these Experts, should the Court find the letters insufficient or lacking in detail.

BODY ARMOR

Ardoin trys to play family drama as an excuse for his lack of action. The first step was to get an affidavit from Beattie's son. With that affidavit, Ardoin could have used such as leverage to get charges dropped. Ardoin cannot claim ignorance to making deals and using affidavits as leverage. Ardoin is an expert in "back-room deals" as are most every defense attorneys in the United States. Just depends on how much effort you want to put into the case for your client. For Ardoin, not very much it seems, since the affidavit from Beattie's son could have been used in a Motion to Suppress which Beattie presented as a claim in habeas application and as failure by counsels to file such motion.

INCRIMINATING EVIDENCE

Ardoin states that Mr. Lamagna found incriminating evidence and thus lets Ardoin off-the-hook to provide effective assistance. Yet Ardoin fails to inform the Court that this "alleged" evidence was found 3½ years after arrest, when the Houston Police Department searched and inventoried all of Beattie's clothes, possessions and evidence that night.

Even Expert Brian Zubel states finding "jewelry in the pocket meant nothing; considering the Houston PD's demonstrated practices of dry-labbing evidence, this material was in all likelihood planted. The prosecution produced no evidence that this jewelry was stolen. The prosecution never charged your brother with any crime related to this jewelry. Ardoin gladly let himself and your brother to be cowed and intimidated with insinuations about the jewelry the government never even attempted to prove." Zubel Letter pg.3.

APPEAL PRE TRIAL MOTIONS

Ardoin never told Beattie about the right to appeal any of the pre-trial motions. Beattie was under the impression that none of the pre-trial motions had even been ruled upon. Ardoin had told Beattie its up to the Court's decision when and if to rule on the

motions.

Beattie had no knowledge that trial judge Mark Kent Ellis denied access to the crime scene. Had Beattie known and that Ardoin knew that was unconstitutional as shown above, Beattie would have insisted on appeal of that ruling. Beattie would have also insisted on appealing the motion to suppress the body armor and the Daubert Motion on the DNA results, if the Court did rule on the motions and against the defendant. But Beattie did not know and still does not know if the Court ever ruled on the motions because Ardoin never informed Beattie of such.

VOLUNTARINESS

Any attorney that is ordered to file an affidavit to answer for his or her performance and asked to answer the question - was the plea voluntary - will always answer yes. Why? Because an answer in the positive looks bad on the attorney's performance and a hit against their professional credibility. So any answer to such a question should be taken with the knowledge of the bias and conflict of interest by the attorney in his answer.

All the exhibits, letter/affidavits, the trial records and evidence provided by Beattie in these habeas applications supports that the plea of guilty that he entered was involuntary and unknowing. For James Ardoin - the Third - to state otherwise, is an attempt to curry favor with the State and the trial court and distract from his unprofessional and deficient performance.

IV.

Two Nationally recognized Experts, Brian Zubel nad David Lamagna, clearly state that James Ardoin was deficient, hindered these Experts and provided ineffective assistance of counsel. Another national attorney also states that Audley Heath provided ineffective assistance of counsel. A highly educated and talented Doctor and a Chief Warrant Officer who is also a Captain contradict Ardoin's statements made in the affidavit. Beattie also provides an affidavit to state his view on what took place between him and Ardoin that Ardoin is conviently leaving out and misrepresenting to this Court.

Remember Ardoin's affidavit states with a perjuried statement and latter misspells Legendary attorney Richard Hayne's name. With such glaring errors, the credibility of the rest of the affidavit by Ardoin is suspect and in doubt. While Ardoin may be a professional attorney most of the time, in this case unfortunately his professional ability was missing and deficient. As such, a finding that Beattie was not afforded effective assistance of counsel should be found and habeas relief granted in all cases before this habeas court.

Respectfully Submitted,

James Michael Beattie
Applicant Pro Se
TDCJ-ID # 1879331
Smith Unit · 1313 CR 19
Lamesa, Texas  79331

DATED: December 23, 2015

# AFFIDAVIT OF JAMES MICHAEL BEATTIE

"My name is James Michael Beattie, I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I filed an Application For Writ of Habeas Corpus 11.07 on April 7, 2015 to challenge my convictions in Harris County, Texas. The April 7, 2015 date is the date the District Clerk signed and received my Applications, mailed by Certified Mail (No(s):7008-1140-0004-9224-8343; 7008-1140-0004-9224-8183; 7008-1140-0004-9224-8350). The Court on June 1, 2015 designated one issue to be resolved - whether Applicant was denied effective assistance of counsel. Over 180 days after filing applications and Notice of Application For Writ of Mandamus was filed with the Court of Criminal Appeals, did the State and the Court decide to act with urgency before the Court of Criminal Appeals acted. This hastedly actions leave much to be desired and fails to address all issues in habeas corpus applications.

"Mr. James Ardoin, III, was ordered by the Court to answer/respond to seven allegations the State determined needed to be resolved. The Court agreed, ignoring my previous objections to the lone designating issue. A true review of these habeas applications will show more allegations that need to be answered by Mr. Ardoin and Mr. Heath, who was not ordered to answer any allegations, as well as the State and trial Judge Mark Kent Ellis.

"Regarding Mr. heath's failing to preserve or destroying evidence and knowledge by Mr. Ardoin; Mr. Ardoin states: "I am unaware of any failure to preserve or destruction of evidence by Mr. Audley Heath." I personally informed Mr. Ardoin at the first meeting that Mr. Heath did not preserve and destroyed photos of me from the night of my arrest. Mr. Ardoin was told repeatedly about the pictures and about Mr. Heath's failure to file IAD complaint regarding the brutality and torture. My Sister, Dr. Kerri Dembowske also informed Mr. Ardoin repeatedly about those photos. Mr. Heath admits he failed to preserve the photos because he could not operate his cell-phone camera for downloading the photos. Bottom line, Mr. Ardoin knew, he refuses to acknowledge because it would look bad for him and Mr. Heath.

"Regarding Mr. Ardoin's investigation, it appears he rode the coattails of Mr. Joe Lamza, Mr. Brian Zubel, and Mr. David Lamagna. Yet his review failed to have Mr. Ardoin act on the Harris County Sheriff Department's Report regarding closing of cases in which I was indicted for. Nor that the results of the GSR test was negative, which he made exclusive notes about in his attorney/client file.

"As for the cooperation with Mr. Zubel and Mr. Lamagna, Mr. Ardoin's statements are refuted by both Mr. Zubel and Mr. Lamagna, as shown by Exhibits attached to habeas applications. These letter/affidavits by Mr. Zubel and Mr. Lamagna are very telling of Mr. Ardoin's actual performance in handling this case.

"I instructed Mr. Ardoin to obtain an affidavit from my son regarding the body armor. I knew my son may have to testify at trial and I told Mr. Ardoin we would work to get my son to Court if needed. I also instructed Mr. Ardoin to test the body armor for DNA to show that I never wore the body armor, but that my son did. Finally, as shown by the Addendum filed , the State returned the body armor to the owner, my son. Mr. Ardoin has gave this Court false statements regarding my son and the body armor.

"Mr. Ardoin contends he did nothing to hinder Mr. Zubel or Mr. Lamagna, but that is completely false. Once again the Exhibits attached to the applications of the Letter/ affidavits of Mr. Zubel and Mr. Lamagna state the opposite from what Mr. Ardoin states. Mr. Ardoin contends because he sent Mr. Zubel copies of the State's analyze of DNA testing that not hindering. Yet, when Mr. Lamagna attempted to obtain samples, Mr. Ardoin did not assist in helping obtain DNA samples, in fact told Mr. Lamagna not to collect any DNA samples. That seems to be hindering the investigation, testing and analysis. Mr. Ardoin may have spent some time, but he exaggerates that he spent 3 days. Also Mr. Ardoin lied to Mr. Lamagna and denied me from talking to Mr. Lamagna. In fact, Mr. Ardoin never informed me that Mr. Lamagna wanted to see me or had been trying. That is surely hindering the defense.

"As far as Mr. Lamagna finding so-called "incriminating evidence", it would seem that Mr. Ardoin would seriously question Houston Police procedures. Since that "evidence" was found some 3½ years after my arrest. But instead, Mr. Ardoin says its incriminating and believes it had been in the pockets this whole time. Yet, the police searched me and my clothing I had that night and found nothing. He did nothing to challenge this finding.

"Mr. Ardoin is in classic CYA mode regarding the State's withdrawal of the 404(b) Notice, severing cases, and not pursuing those offenses with DNA. Only one sentence that "these facts were clearly communicated to Mr. Beattie as they occurred." That is completely false, I had no knowledge regarding the withdrawal of 404(b) Notice until I received a copy of Mr. Zubel's letter a year after I had plead guilty.

"If I had been told that I could appeal the pre-trial motions, I sure would have. But what Mr. Ardoin is not telling the Court is he failed to pursue a ruling on most of the pre-trial motions. Mr. Ardoin told me its the Courts prerogative as to when, if ever, these motions would be ruled on. It is telling how untruthful Mr. Ardoin is regarding the pre-trial motions. Yet in the Motion to Reconsideration of Defendant's Motion For Access To The Crime Scene, Mr. Ardoin argues that the Court's denial would violate right to effective assistance of counsel, right to fair trial and due process of law. But Mr. Ardoin never told me this and he never pursued having me appeal. I had to learn about

this from a jailhouse lawyer here in prison until I received my attorney/client file.

"Of course, Mr. Ardoin will tell this Court my plea was voluntary. It will save him from being labeled as ineffective. What Mr. Ardoin has not told this Court is what he told me or failed to tell me, or how he pressured me into taking the plea bargain.

"The content of Mr. Ardoin's and my conversation that Friday of the plea agreeemnt are drastically different that what Mr. Ardoin stated and would like this Court to believe. Surely the Court is well aware of the very gray area tactics that are employed by lawyers wanting a quick resolution of pesky & complicated cases, such as mine that had been dragging for over 4 years.

"Mr. Ardoin fails to state I told him that Friday of the plea, I had decided to go for my trial regardless as I had done for the past 4+ years. He became flustered and went into Texas juries are easily prejudiced and that even though they cannot put a gun in your hand, or even prove you touched or had one they (State) have 7 police that are going to talk bad about you. Then he talked about the upcoming article about me that "informs ever prospective juror out there where you have been for these past years. Regardless of your suit and the persona, this article will prejudice their view. This is the same Court where they convicted LaDondrell Montgomery for robbery and gave him a life sentence only to find out a few days later he was in police custody at the time of said robbery." Mr. Ardoin cited he (Montgomery) was prejudiced against prosecution and police and made national news.

"Mr. Ardoin did a through job of coercing and convincing me into taking the plea. Mr. Ardoin played on my paranoia and fear of what happened to Mr. Montgomery (we were in the same jail and talked). Mr. Ardoin stated that even after the trial my next one would be in a year or year and half, that the State would stack the sentences. If I didn't plea out, "you will never get out if you don't plea out" Mr. Ardoin exclaimed.

"It is also interesting that this pressure by Mr. Ardoin occurred less than 36 hours before a major newspaper article about my incarceration for over 4 years waiting for trial. An article Mr. Ardoin is quoted in and legal experts state there was a violation of my constitutional rights. A few quotes by Mr. Ardoin inthe article to a reasonable person would ask what Mr. Ardoin was doing or had done about these issues of speedy trial and other constitutional rights violation. I will tell you - NOTHING!!!

"Mr. Ardoin's affidavit to this Court is filled with false, erroneous, and incomplete statements of the facts and events. Mr. Ardoin's statements are self-serving only in order to protect himself from being labeled as ineffective. Yet Mr. Ardoin's own words on other documents, pleadings, and his actions (and non-actions) contradict his latest claims he provided effective assistance of counsel. Nationally recognized Experts state different intheir letters/affidavits."

"I pray this Court will give my affidavit the same weight of credibility as Mr. Ardoin's. I pray this Court will also give the same weight of credibility to the other exhibits that have been presented through these proceedings and render a fair and just ruling."

I, James Michael Beattie, declare under penalty of perjury, that the foregoing statements are true and correct to my personal knowledge.

SIGNED on this the **23rd** day of **December, 2015.**

James Michael Beattie
TDCJ-ID # 1879331
Smith Unit/TDCJ
1313 CR 19
Lamesa, Dawson county
Texas  79331